UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **VICKIE DAVIS,** | ) | CASE NO. 1:19-CV-02045 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| **KILOLO KIJAKAZI,** | ) | OPINION AND ORDER |
| **ACTING COMMISSIONER OF** | ) | |
| **SOCIAL SECURITY** | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court is the parties' Stipulation to Award EAJA Fees pursuant to 28 U.S.C. § 2412. (ECF # 30.) For the reasons set forth herein, the Stipulation is approved.

On September 5, 2019, Plaintiff filed this action seeking judicial review of the Commissioner of Social Security's denial of an application for disability benefits. (ECF #1.) On March 14, 2023, this Court remanded the matter to Defendant for further proceedings. (ECF #29.) The parties subsequently filed the present Stipulation to Award EAJA Fees. In support of the stipulation, Plaintiff has filed documentation demonstrating the reasonableness of the fees. (See ECF # 30-1 (summary of attorney hours).)

The EAJA requires the government to pay a prevailing Plaintiff's attorney fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Howard v. Barnhart,* 376 F.3d 551, 554 (6th Cir. 2004). There is no dispute that Defendant's position was

1

not substantially justified and that Plaintiff is the "prevailing party" under the EAJA. See *Hammock v. Comm'r of Soc. Sec.,* No. 1:12-cv-250, 2015 WL 7292750, at *1 (S.D. Ohio Oct. 26, 2015) ("A plaintiff who wins a remand of her social security appeal in this Court is a 'prevailing party[.]'"), report and recommendation adopted sub nom *Hammock v. Acting Comm'r of Soc. Sec.,* No. 1:12cv-250, 2015 WL 7276087 (S.D. Ohio Nov. 18, 2015).

Although Defendant has compromised the amount of fees, the Court must still examine it for reasonableness. 28 U.S.C. § 2412(d)(2)(A) ("fees and other expenses" includes, inter alia, "reasonable attorney fees"). The EAJA provides that the amount of an attorney fee award shall be based upon prevailing market rates, but shall not exceed $125 per hour, unless the Court determines that the cost of living or special factors justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii). Documentation submitted in support of the stipulation shows 33.9 hours of legal services performed between August 9, 2019 and February 7, 2023, including the typical legal services of reviewing the record, conducting legal research, drafting briefs and the like. (ECF #13-1.) The Court finds the number of hours claimed and the nature of these legal services to be reasonable.

Counsel indicates that the stipulated award reflects a variable hourly billing rate above the $125 statutory cap set by Congress in March 1996. Counsel calculated their fee by multiplying the statutory cap by the inflation/consumer price index. It is common, although not required, to adjust the statutory hourly rate to account for cost of living increases since 1996, the time when that rate was last capped. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 n.4, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002) ("A higher fee may be awarded if 'the court determines that an increase in the cost of living … justifies a higher fee.") (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)); see also *Hutchinson v. Colvin,* No. 1:15-cv-1144, 2016 WL 6777804, at *2

(N.D. Ohio Nov. 16, 2016) (examining the appropriateness of a cost-of-living increase). Counsel's proposed rate comports with the measure of inflation in this geographic region from the Bureau of Labor Statistics (i.e., the "Midwest Urban" Consumer Price Index ("CPI")).

The Court finds that the $7,105.45 requested award is reasonable and adequately reflective of "the prevailing market rates for the kind and quality of services furnished[.]" 28 U.S.C. § 2412(d)(2)(A). This award will be in full satisfaction of any and all of Plaintiff's claims for fees, costs and expenses, and is subject to setoff to satisfy any pre-existing debt owed by Plaintiff to the United States. See *Astrue v. Ratliff,* 560 U.S. 586, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010).

Defendant is directed to determine whether Plaintiff owes any pre-existing debt to the United States. If Plaintiff owes a pre-existing debt to the United States, Defendant shall direct that the award of $7,105.45 in attorney's fees, less any setoff, be made payable to Plaintiff's attorney and be mailed to the attorney's business address. If there is no setoff, then the full award shall be remitted.

For the reasons set forth herein, the Court approves the parties' Stipulation (Doc. No. 30) for an award of $7,105.45 to Plaintiff for attorney fees pursuant to 28 U.S.C. § 2412 to be paid in accordance with the procedure outlined above.

**IT IS SO ORDERED.**

          /s Christopher A. Boyko
          **CHRISTOPHER A. BOYKO**
          **United States District Judge**

**Dated: May 25, 2023**